**O. E. WELBORN, Appellant,**

v.

**TIDEWATER ASSOCIATED OIL COMPANY, a corporation, Appellee.**

**No. 4947.**

United States Court of Appeals
Tenth Circuit.

Dec. 13, 1954.

Carloss Wadlington, Ada, Okl. (Hal Welch, Hugo, Okl., and Turner M. King, Ada, Okl., on the brief), for appellant.

Gordon F. Rainey, Oklahoma City, Okl. (Rainey, Flynn, Green & Anderson, Oklahoma City, Okl., Y. P. Broome and Kenneth G. Bandelier, Tulsa, Okl., on the brief), for appellee.

Before PHILLIPS, Chief Judge, and BRATTON and PICKETT, Circuit Judges.

PHILLIPS, Chief Judge.

Welborn brought this action against Tidewater Associated Oil Company[1] to recover damages for alleged slander of title through the procuring and recording of an oil and gas lease by Tidewater from Martha Smith nee Heck and J. B. Garrett. Tidewater interposed a motion to dismiss the first amended complaint on the ground that it failed to state a claim upon which relief could be granted. From a judgment sustaining the motion and dismissing the action, Welborn has appealed.

The material facts as alleged in the first amended complaint are these: Since on and prior to June 9, 1943, Smith has been the owner of a life estate and Garrett the owner of the remainder interest in a 98-acre tract of land situated in Coal County, Oklahoma.

On June 9, 1943, Smith, acting as the duly appointed guardian of Garrett, then a minor, and pursuant to lawful proceedings in the county court of Coal County, Oklahoma, and a public sale and confirmation thereof by such county court, did make and deliver to Welborn an oil and gas lease on such tract of land by which the interest in such land of Garrett was leased to Welborn for a primary term of ten years from June 9, 1943. Such proceedings in the county court consummated by such lease were done voluntarily by Smith and pursuant to a written petition filed by her in such county court. Such proceedings, however, purported only to effect a lease of the remainder interest of Garrett and were all done by Smith in her capacity as guardian of Garrett and not individually.

Smith is not a party to the instant action.

On November 17, 1952, George M. McDaniel procured the execution of an oil and gas lease covering such tract of land from Smith and Garrett. Such lease was recorded in the office of the county clerk of Coal County, February 11, 1953. On December 18, 1952, Tidewater procured a written assignment of such lease from McDaniel and on February 11, 1953, recorded such assignment in the office of the county clerk of Coal County.

On March 2, 1953, Welborn demanded that Tidewater release the McDaniel lease, on the ground it constituted a cloud on the oil and gas lease held by Welborn.

It is well settled that a remainderman may not make an oil and gas lease to permit immediate exploration and production without the consent of the life tenant.[2] Likewise, a life tenant cannot drill new oil or gas wells, or lease the land to others for that purpose.[3] A life tenant and the remainderman may lease the land by a joint lease [4] and they may agree as to the division of the rents and royalties. In the absence of such agreement, the life

1. Hereinafter called Tidewater.

2. Burden v. Gypsy Oil Co., 141 Kan. 147, 40 P.2d 463, 468; Union Gas & Oil Co. v. Wiedemann Oil Co., 211 Ky. 361, 277 S.W. 323, 324; Carter Oil Co. v. McQuigg, 7 Cir., 112 F.2d 275, 280; Wilson v. Youst, 43 W.Va. 826, 28 S.E. 781, 785, 39 L.R.A. 292; 31 C.J.S., Estates, § 42, pp. 49–50.

3. Barnes v. Keys, 36 Okl. 6, 127 P. 261, 262, 45 L.R.A.,N.S., 178; Shulthis v. MacDougal, 8 Cir., 162 F. 331, 343; Carter Oil Co. v. McQuigg, 7 Cir., 112 F.2d 275, 280; Sewell v. Sewell, 363 Ill. 166, 1 N.E.2d 492, 494. Note, 43 A.L.R. 811–813, and cases there cited.

4. Union Gas & Oil Co. v. Wiedemann Oil Co., 211 Ky. 361, 277 S.W. 323, 324.

tenant is not entitled to any part of the royalties, but is entitled only to the income from such royalties.[5]

■ The oil and gas lease to Welborn was wholly ineffective to permit Welborn to go upon the land during the existence of the life estate and explore for, develop, or produce oil and gas from the land.

■ The records in the probate court of Coal County clearly showed that Smith was the owner of the life estate and Garrett of the remainder interest. As such guardian, Smith could only give a lease on the remainder interest of Garrett.[6] Smith as owner of the life estate did not individually, expressly consent to the developing of the land or the production of oil and gas therefrom under the Welborn lease. The lease was made pursuant to a judicial sale. A sale by a guardian under an order and confirmation of the probate court in Oklahoma is a judicial sale and the rule of caveat emptor applies to such a sale.[7]

■ It follows that the most that Welborn acquired was a contingent right to go upon the land and develop it for oil and gas and produce oil therefrom after the death of the life tenant, in the event that death occurred prior to the expiration of the primary term of Welborn's lease. That primary term has now expired.

It follows that Welborn had no title which could be slandered by a lease executed jointly by the life tenant and remainderman.

■ While we doubt that it can be said that Smith is estopped to deny that she consented individually to the lease to Welborn, we refrain from passing on that question, because to so adjudicate would adversely affect the rights of Smith as life tenant, and she is not a party to the instant action. She would be an indispensable party to an action which would seek an adjudication that she is estopped

to deny that she consented to the lease to Welborn and the immediate development of the land for oil and gas under such lease and during her life tenancy.

The judgment is affirmed.

---

5. Barnes v. Keys, 36 Okl. 6, 127 P. 261, 263, 45 L.R.A.,N.S., 178; Burden v. Gypsy Oil Co., 141 Kan. 147, 40 P.2d 463, 468.

6. Tucker v. Leonard, 144 Okl. 264, 291 P. 124, 127, overruled on another point in Long v. Brown, 186 Okl. 407, 98 P.2d 28, 34.

7. Tucker v. Leonard, supra, 291 P. at page 127.